IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR C-12-1204M |
| | § | |
| ROBERT F. MCGONIGLE | § | |

## MEMORANDUM OPINION AND JUDGMENT

Defendant, Robert F. McGonigle, was cited for leaving a pet unattended at the Padre Island National Seashore in violation of 36 C.F.R. § 2.15(a)(3). (D.E. 1). Because this incident occurred on a national park, jurisdiction is proper in this Court. 18 U.S.C. § 7; 16 U.S.C. § 459d. A bench trial was held on November 20, 2012.

## TRIAL TESTIMONY

The Government called United States National Park Service Ranger Bill Boss. He testified that he has worked for the Park Service as a ranger for the last five years.

Padre Island National Seashore includes a campground area called Bird Island Basin. Within that area there are several parking lots, of which some are designated for day use and others are designated for use by campers.

On June 28, 2012, Ranger Bill Boss was on patrol and noticed a white Nissan Titan truck with an attached trailer parked illegally in the Bird Island Basin campground area. As he approached the vehicle, he discovered a small dog tied to the trailer. Although the dog had been provided water, it had wrapped itself around a tire with the leash such that it could not reach the water. Ranger Bill Boss testified that the high temperature that day was 91 degrees and that it was close to that temperature at this time.

Ranger Bill Boss attempted to locate the vehicle owner by first walking around the truck and

trailer.  Then he contacted persons in the parking lost to ask if it was their car.  After those attempts failed, he noticed some individuals in the water who were looking in his direction.  He waved at them in a manner for them to come to him.  Defendant approached him from the water.

Ranger Bill Boss explained to Defendant that the parking lot where he had his vehicle was for campers as opposed to day use by wind surfers.  Defendant told him that he did not know he could not keep his dog unattended, but tied with a leash.  He gave him a citation for leaving his dog unattended.  He also gave him a warning about the improper parking and instructed him to move his truck to the day use parking lot.

On cross-examination, Ranger Bill Boss testified that he was unsure whether the rule barring leaving pets unattended was posted at the Padre Island National Seashore, but that it was a regulation issued by the National Park Service.  He also indicated that he did not notice any other violations while he was in the Bird Island Basin parking lot.

The Government next called Ranger Dominique Boss.  She testified that she was familiar with Defendant because she has had contact with him several times at the park.  She indicated that she had her first contact with him in about 2010.  That first encounter, she had a lengthy conversation with Defendant regarding parking regulations in the Bird Island Basin area and whether people could use the campground parking for day use between May and November of the year.

In a subsequent encounter with Defendant, Ranger Dominique Boss had a discussion with him regarding pets.  She had received a complaint about Defendant having pets that were unattended.  She discussed with him the regulations and explained that he could not have a pet that was unleashed or unattended.

During these encounters with Defendant, Ranger Dominique Boss indicated that he was irrational. It was clear to her that he was upset and disgruntled. He would raise his voice and wave his hands, arguing at length about parking regulations.

After the Government rested its case-in-chief, Defendant called Gary Speck as a witness. He was wind surfing with Defendant. When they wind surf, they go as far as a quarter of a mile away and would surf for about thirty to sixty minutes at a time. While taking a break, they observed Ranger Bill Boss near Defendant's car.

## DISCUSSION

The National Park Service has issued regulations that permit limitations on public use of park property. At issue here are regulations that require pets not be left unattended: "The following are prohibited ... (3) Leaving a pet unattended and tied to an object in designated areas or under conditions which may be established by the superintendent." See 36 C.F.R. § 2.15(a)(3). The evidence supports a finding that Defendant violated the park regulations and improperly left his dog unattended and tied to the trailer attached to his truck.

Ranger Bill Boss testified that he encountered Defendant's vehicle illegally parked in the Bird Island Basin. Records checks revealed that Defendant was the registered owner. Upon further examination, he discovered a dog tied to the trailer. After looking for the vehicle's owner in the immediate parking lot area, he determined that Defendant was in the water. Mr. Speck testified that they were wind surfing and currently taking a break. I found both of these witnesses credible. Thus, the Government has established that the dog was attached to Defendant's trailer and left unattended while they were in the water wind surfing.

Defendant argues as a defense that he was unaware of the regulation. Ranger Bill Boss indicated that he was not aware of whether it was posted, but noted that it would not be possible to

post every regulation. Of course, it is long-established that ignorance of the law is no excuse. See, e.g., Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000) (citations omitted); Whirl v. Kern, 407 F.2d 781, 794 (5th Cir. 1969). That maxim applies here. Moreover, Ranger Dominique Boss testified that she had a specific discussion about pets with Defendant prior to the citation at issue. She warned him that he had to keep his dogs on a leash and could not leave them unattended. I found her testimony to be credible.

Defendant next appears to argue that the Government is selectively issuing citations. He elicited from Ranger Dominique Boss that on November 11, 2012 she had simply verbally warned a woman who had a dog off of its leash instead of citing her. She explained that was her first encounter with the woman and that the next time she would issue a citation. Even if the park rangers issued a citation for every violation they discovered, that would be no defense for Defendant's violation.[1]

National Park Service regulations dictate that "[a] person convicted of violating any provision of the regulations [concerning parking] ... shall be punished by a fine as provided by law and shall be adjudged to pay all costs of the proceedings." 36 C.F.R. § 1.3(c) (citing 16 U.S.C. § 462). Congress has established that "[a]ny person violating any of the [National Park Service] rules and regulations ... shall be punished by a fine of not more than $500 and be adjudged to pay all costs of the proceedings." 16 U.S.C. § 462(k).

## CONCLUSION

The Government has met its burden and the Defendant is found guilty of leaving his dog

---

[1] It is clear from the testimony that Defendant frequently visits Padre Island National Seashore. He seems to have a history of encounters with various park rangers and does not appear to agree with some of the regulations or how the park is managed. There appears to be growing frustration with Defendant by park officials as the Government requested the Court sanction him from using the park for a period of time. Such a sanction is for the National Park Service to determine. It was explained to Defendant that use of national parks is a privilege not a right.

unattended and tied to his vehicle at the Bird Island Basin campground parking area. Accordingly, he is fined $475.00 and assessed the $25.00 processing fee. Defendant is to pay the $500.00 to the Clerk of the Court no later than December 5, 2012.

ORDERED this 21st day of November 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE OF RIGHT TO APPEAL

The Clerk will file this Decision and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Decision, Defendant may appeal the conviction or the sentence imposed to the District Court.  See Fed. R. Crim. P. 58(c)(4); see also 18 U.S.C. § 3402.  In order to appeal the conviction or the sentence, Defendant must file a notice of appeal within **FOURTEEN (14) DAYS** with the Clerk of the Court and specify the judgment being appealed.  Fed. R. Crim. P. 58(g)(2).  Defendant must also serve a copy of the notice of appeal on the attorney for the Government.  Id.  An appeal to the District Court requires a filing fee of $32.00.  If Defendant is unable to afford to appeal this Decision to the District Court, then defendant may file a motion to proceed *in forma pauperis*.